UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FOREST JOHNSON,

    Plaintiff,

v.

M. CARD, *et al.*,

    Defendants.

Case No. 19-cv-13511
Hon. Matthew F. Leitman

_____/

## **ORDER SUMMARILY DISMISSING COMPLAINT (ECF No. 1)**

Plaintiff Forest Johnson is a state prisoner in the custody of the Michigan Department of Corrections. On November 19, 2019, Johnson filed this *pro se* civil-rights action under 42 U.S.C. § 1983 against M. Card, a teacher with the Advanced Substance Abuse Treatment program ("ASAT") at the St. Louis Correctional Facility, and Annette Jones, the grievance coordinator at that facility. (*See* Compl., ECF No. 1.) Johnson alleges that Card violated his constitutional rights when she removed him from the ASAT program based on false and/or inaccurate information. (*See id.*) Johnson further claims that Jones wrongfully denied a grievance that he had filed arising out of his removal from the ASAT program. (*See id.*)

On December 5, 2019, the Court granted Johnson's application to proceed *in forma pauperis* in this action. (*See* Order, ECF No. 5.) Where, as here, a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to

1

screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In addition, while the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2)(B) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

To establish a *prima facie* case under 42 U.S.C. § 1983, a civil-rights plaintiff must show that: (1) the defendant acted under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *See Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

The Court has carefully reviewed Johnson's Complaint and concludes that he has not stated a cognizable Section 1983 claim against either Card or Jones. The Court will therefore summarily dismiss his Complaint pursuant to 28 U.S.C. § 1915.

First, Johnson has failed to state a valid claim against Card. As explained above, Johnson claims that Card violated his constitutional rights when she removed him from the ASAT program. But Johnson had no constitutional right to participate in that program. Indeed, prisoners do not have a constitutionally "protected liberty interest in [their] eligibility for [a prison's] drug treatment program." *Gibson v. Federal Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004). *See also Standifer v. Ledezma,* 653 F.3d 1276, 1280 (10th Cir. 2011) (holding that "[a] prisoner has no constitutional right to participate in [a residential drug abuse program]"); *Groppi v. Bosco*, 208 F. App'x 113, 115 (3d Cir. 2006) (same).[1] Johnson has therefore failed state a valid claim for relief against Card related to his removal from the ASAT program.

---

[1] *See also Garza v. Reynolds*, 2007 WL 2363340, at *1 (W.D. Mich. Aug. 16, 2007) (dismissing prisoner's complaint pursuant to Section 1915(e) brought against prison employees arising out of prisoner's termination from culinary arts/food technology educational program and explaining that "[f]ederal courts have consistently found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and/or educational programs based on the Fourteenth Amendment").

3

Johnson has also failed to state a cognizable claim against Jones. In the Complaint, Johnson alleges that Jones wrongfully denied his administrative grievance related to his removal from the ASAT program. But, importantly, Johnson does not allege that Jones played any role in his underlying removal from that program. And the Sixth Circuit has repeatedly held that a prison official's denial of a grievance arising out of a completed act of misconduct, even if wrongful, does not violate a plaintiff's federal constitutional rights where the official was not involved in the underlying activity that was challenged in the grievance. *See*, *e.g.*, *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999) (affirming dismissal of claims against defendants where plaintiff's "only allegations" against those defendants "involve[d] their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (holding that a plaintiff "may not base his claim against the individual defendants upon their denial of his administrative grievances. Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance"); *Bittner v. Wilkinson*, 19 F. App'x 310, 313 (6th Cir. 2001) (same). Because Johnson does not allege that Jones did anything more than deny his grievance that arose out of Card's completed act of removing him from the ASAT program, he cannot state a viable claim against her.

For all of the reasons stated above, Johnson has failed to state a cognizable claim against either Card or Jones. Accordingly, the Court **DISMISSES** his Complaint **WITHOUT PREJUDICE**. In addition, because the Complaint lacks any arguable basis in the law, this Court certifies that any appeal by Johnson would not undertaken in good faith. *See Alexander v. Jackson,* 440 F.Supp.2d 682, 684 (E.D. Mich. 2006) (citing 28 U.S.C. § 1915(a)).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 24, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 24, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126